# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE F. SANCHEZ-ANGELES, | : | Civil No. 3:17-cv-2412 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Jose F. Sanchez-Angeles ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 29, 2017, challenging his April 22, 2004 judgment and sentence entered in the United States District Court for the Western District of Texas. (Doc. 1).

The petition is presently ripe for disposition and , for the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## I. Background

"On February 17, 2004, Jose F. Sanchez-Angeles pleaded guilty [in the United States District Court for the Western District of Texas] to all counts of a five-count indictment in which he was charged with: count (1) conspiring to smuggle, transport, and harbor illegal aliens in violation of 8 U.S.C. § 1324; count (2) harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii); count (3) providing a firearm to an illegal alien

in violation of 18 U.S.C. § 922(d)(5)(A); count (4) conspiring to use a firearm during a crime of violence as alleged in count (5), in violation of 18 U.S.C. §§ 924(c) and 924(o); and count (5) conspiring to take one or more hostages in violation of 18 U.S.C. § 1203. Each count also alleged aiding and abetting under 18 U.S.C. § 2. On April 22, 2004, Sanchez-Angeles was sentenced to, *inter alia*, imprisonment for concurrent terms of 120 months on counts (1), (2) and (3), 240 months on count (4) and life on count (5), as well as to concurrent terms of supervised release of three years on each of counts (1) through (4) and five years on count (5)." United States v. Sanchez-Angeles, 138 F. App'x 642, 644 (5th Cir. 2005). The United States Court of Appeals for the Fifth Circuit affirmed the judgment and sentence on July 1, 2005. (Id.)

Thereafter, Petitioner launched a number of collateral attacks. He filed a motion to vacate his sentence under 28 U.S.C. § 2255, on June 21, 2001, challenging the imposition of a term of supervised release. (See U.S. District Court, Western District of Texas electronic docket, USA v. Sanchez-Angeles, 1:03-cr-0309, Doc. 45). The district court denied the motion on July 3, 2007. (Id. at Doc. 56). He filed a second motion to vacate pursuant to 28 U.S.C. § 2255 on November 2, 2009. (Id. at Doc. 75). The sole issue raised in his second motion was that "his sentence was unreasonable because it is greater than necessary, too draconian for purposes of sentencing, and the Court would not have sentenced him if the Court had viewed the sentencing guidelines as advisory as required under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005)." (Id. at

2

Doc. 77, p. 2). The district court dismissed the motion pending authorization from the court of appeals to file a successive motion. (Id. at Doc. 77, p. 3; Doc. 84). In 2014, the Fifth Circuit Court of Appeals denied a motion to file a second or successive § 2255 motion. (Id. at Doc. 98). In 2017, he filed a motion for modification of sentence, which the district court construed as a motion to vacate under 28 U.S.C. § 2255. (Id. at Docs. 99, 100). On May 31, 2017, the district court dismissed the motion without prejudice because Petitioner had not obtained approval from the court of appeals to file a successive motion. (Id. at Doc. 101).

Petitioner filed the instant petition claiming actual innocence based on Bailey v. United States, 516 U.S. 137 (1995), Rosemond v. United States, 572 U.S. 65 (2014), and United States v. Prado, 815 F.3d 93 (2d Cir. 2016). (Doc. 1, pp. 10-17). He also includes ineffective assistance of counsel claims. (Id.).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Petitioner filed the instant § 2241 petition to challenge the legality of his conviction and sentence.

A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, as is the case here, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.). "Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [United States v.] Tyler, 732 F.3d [241] at 246 [(3d Cir. 2013)] (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Id. Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Petitioner states that "[a]t no time before plea nor during plea hearing, did plea counsel…the prosecutor, nor the Court inform or explain to [him] that to charge §924(c) use and carrying of a firearm, namely, a shotgun, during in relation to a crime of violence as charged in Count 5, the Government was required to prove that the firearm was actively employed meaning an operative factor at trial, and the Government had that burden of proof beyond a reasonable doubt to the jury." (Doc. 1, p. 10). Hence, his plea was involuntary and unintelligent in light of Bailey v. United States, 516 U.S. 137 (1995). (Id.) As Respondents note, Bailey was decided in 1995, approximately nine years prior to Petitioner's guilty plea. Thus, any challenges to the legality of the sentence or claims concerning the effective assistance of counsel based on Bailey were readily available to Petitioner at the time he filed his direct appeal and during any collateral proceedings.

Petitioner also argues that he is entitled to relief *via* §2241 because he "is 'actually innocent' of aiding and abetting in the conspiracy to smuggle, transport and harbor aliens 18 U.S.C. § 1324(a)(1) conviction absent advance knowledge of cohorts use or carry of a firearm during and in relation to crime of violence § 924(c), rendering his plea unintelligent and involuntary in light of Rosemond v. United States…." (Doc. 1, p. 14). Rosemond held that in order to convict someone of a § 924(c) offense under an aiding and abetting theory, the government must prove "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a

confederate would use or carry a gun during the crime's commission." Rosemond v. U.S., 572 U.S. 65, 67 (2014).

The Court of Appeals affirmed Petitioner's conviction on July 1, 2005. Rosemond was decided on March 5, 2014. Supreme Court holdings made after a conviction has become final may not be used as the basis for a collateral challenge to that conviction unless the rule has retroactive effect. See, e.g., Schriro v. Summerlin, 542 U.S. 348 (2004); Teague v. Lane, 489 U.S. 288, 301 (1989). In order to have retroactive application, a Supreme Court holding must set forth a "new rule" that is either "substantive" or is a "'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Schriro, 542 at 351–52. The holding in a given case qualifies as a "new rule" if it "breaks new ground or imposes a new obligation on the States or the Federal Government" and if "the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301.

The Rosemond Court did not pronounce that it intended its holding to be applied retroactively and the rule set forth therein does not satisfy the requirement of constituting a "new rule." The Supreme Court gave no indication that its holding broke "new ground." Rather, it explained at length that existing precedent dictated its holding. See Rosemond, 572 U.S. at 75-79. Federal courts addressing challenges similar to Petitioner's have universally concluded that Rosemond does not apply retroactively. See,

6

e.g., United States v. Newman, 755 F.3d 543, 546-47 (7th Cir. 2014) (discussing Rosemond in context of direct appeal from conspiracy conviction); United States v. Davis, 750 F.3d 1186, 1192-93 (10th Cir. 2014) (suggesting prospective application only: "After Rosemond, a jury instruction on aiding and abetting § 924(c) should address the defendant's advance knowledge of the gun."); Gonzalez v. Baltazar, No. 3:17-cv-759, 2017 WL 2175804, *3 (M.D. Pa. May 17, 2017); Williams v. Spaulding; 3:15-cv-1992; 2015 WL 8332424, *3 (M.D. Pa. Dec. 9, 2015); Rodriguez v. Thomas, 1:14-cv-1121, 2015 WL 179057, *5 (M.D. Pa. January 14, 2015); United States v. Bentley, 14-cv-4878, 2015 WL 12743602, *2 (E.D. Pa. June 10, 2015); Taniguchi v. Butler, 14-cv-120, 2014 WL 5063748 (E.D. Ky. Oct. 8, 2014); Rodriguez-Pena v. Werlich, 14-cv-994, 2014 WL 4273631, *2 (W.D. La. Aug. 19, 2014); Martinez v. United States, 3:14-cv-1359-L, 2014 WL 3361748, *2 (N.D. Tex. July 9, 2014). Since the rule articulated in Rosemond does not apply retroactively to cases on collateral review, the section 2255 savings clause is unavailable to Petitioner.

Nor can Petitioner establish that he had no earlier opportunity to challenge his § 924(c) conviction based on Rosemond. As noted *supra*, in 2017, he filed a motion for modification of sentence, which the district court construed as a motion to vacate under 28 U.S.C. § 2255. (Id. at Docs. 99, 100). He failed to seek relief based on Rosemond. On May 31, 2017, the district court dismissed the motion without prejudice because Petitioner had not obtained prior approval to file a successive motion. (Id. at Doc. 101).

Rather than seek the required approval from the court of appeals, Petitioner filed the instant petition.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Petitioner fails to demonstrate that he falls within the exception initially recognized in <u>Dorsainvil</u>, 119 F.3d 245 and reaffirmed in <u>Bruce</u>, 868 F.3d 170 (2017). If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. <u>Application of Galante</u>, 437 F.2d 1154, 1165 (3d Cir. 1971). Hence, it is appropriate to dismiss the petition for lack of jurisdiction.

An appropriate Order will issue.

### III. <u>Conclusion</u>

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A separate Order will enter.

**BY THE COURT:**

<u>s/James M. Munley</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**

**Dated:** August **7**, 2019